RICHARD E. ZUCKERMAN
Principal Deputy Acting Assistant Attorney General

NITHYA SENRA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Phone: (202) 307-6570
Fax: (202) 307-0054
Nithya.Senra@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
*Of Counsel*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>M. KHALID SAFI<br><br>Defendant. | Case No. **'18CV2292 CAB BGS**<br><br>**COMPLAINT** |

Plaintiff, the United States of America ("United States"), through its undersigned counsel, alleges the following:

**Introduction**

1. This is a timely civil action brought by the United States with the authorization of the Secretary of the Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States. The United States brings this timely action to collect from defendant an outstanding civil penalty assessment (31 U.S.C. § 5321(a)(5)), commonly known as an FBAR penalty, which was

COMPLAINT                                                    1

assessed against the defendant, for his failure to timely report his financial interest in, and/or his signatory authority over, a foreign financial account for the 2008 calendar year, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest, having a total balance due to the United States of America of $106,789.03 as of September 22, 2017.

2. Additionally, the United States is entitled to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011.

**Defendant**

3. Defendant M. Khalid Safi a/k/a Khalid Safi a/k/a Mohammad Khalid Safi a/k/a Khalid M. Safi, (hereinafter "Mr. Safi" or "Defendant") is a resident of Poway, California, and resided in Poway at the time the events that gave rise to the civil penalties at issue in this action took place. Defendant is a U.S. citizen, and has been a U.S. citizen at all times relevant to the assessment of the outstanding liabilities at issue in this action.

**Jurisdiction and Venue**

4. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345, and 1355.

5. Venue is proper under 28 U.S.C. §§ 1395(a) and 1391(c)(1), or alternatively under 28 U.S.C. §§ 1391(b)(1) or 1391(b)(2), because Defendant resides in this district and a substantial part of the events or omissions giving rise to the civil penalties (i.e. claim) occurred in this judicial district.

**Legal Authority for FBAR Penalty**

6. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

7. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the calendar years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

**Defendant's Foreign Bank or Other Financial Accounts**

8. In 1977, Mr. Safi opened an account in his own name with Commerzbank ("CZB"), a bank located in Germany, having an account number ending in -8700 ("the CZB Account").

9. The FBAR penalty assessments at issue in this action relate to Mr. Safi's willful failure to timely report the existence of the CZB Account.

10. The CZB Account continued in existence until at least December 2009, and Mr. Safi was the sole owner and beneficiary of the CZB Account during all periods relevant to this action.

11. Mr. Safi exercised regular control over the CZB Account and actively took steps designed to conceal the CZB Account from the IRS.

12. In 1979 or 1980, Mr. Safi also opened an account in Switzerland at UBS AG (formerly Swiss Bank Corp.), account number ending in -2955 ("the UBS account"), to which he had a beneficial interest through 2008, when the UBS account was closed and the funds were ultimately transferred to the CZB Account.

13. In 2004, Mr. Safi opened a second account at UBS AG in the name of a foreign corporation that he solely controlled, Rasner Holdings and Financial SA, account number ending in -0192 ("the Rasner account"). Most of the funds transferred into the Rasner account originated from the UBS account. The Rasner account was closed in 2008.

14. After closing the UBS account and the Rasner account and depositing those funds into the CZB Account, Mr. Safi began transferring funds from the CZB Account to his Bank of America account in the United States.

### Defendant's Tax and FBAR Filings

15. Mr. Safi concealed the income from the CZB Account, the UBS account, and the Rasner account, in tax returns filed jointly with his wife from 1999 through 2007. Mr. Safi did not inform his tax return preparer, for the 1999 through 2007 calendar years of the existence of these accounts at any time prior to the preparation of each tax return.

16. On Schedule B, Interest and Ordinary Dividends to Form 1040, Mr. Safi did not check the box (i.e. indicate "Yes") regarding control of a foreign account for the 1999 through 2007 calendar years.

17. During the years 2000 through 2004, Mr. Safi reported that his occupation was a securities trader, or day trader in securities.

18. In 2009, Mr. Safi timely filed an FBAR for the 2008 calendar year, Mr. Safi's original 2008 FBAR only disclosed the UBS account. Mr. Safi concealed his ownership of the CZB Account and the Rasner account, by not disclosing those two accounts on his original 2008 FBAR.

19. Mr. Safi participated in the IRS 2009 Offshore Voluntary Disclosure Program (OVDP). In his 2009 OVDP application materials, Mr. Safi concealed his ownership of the CZB Account and the Rasner account, and only disclosed the existence of the UBS account.

20. Mr. Safi did not inform his accountants of the CZB Account prior to the preparation of his original 2008 FBAR filing.

21. In October 2010, Mr. Safi's tax return preparer sent Mr. Safi an email stating that the return preparer believed the CZB Account was recently opened, and that the return preparer would assume that all capital gains related to the CZB Account were short-term, unless he was told otherwise. In his response, Mr. Safi did not correct the return preparer's false assumption, and failed to inform the return preparer that the CZB Account had actually been open since 1977.

22. As part of the 2009 OVDP, Mr. Safi was required to file Forms TD-F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR") reporting his interest in the UBS account, the Rasner account and the CZB Account.

23. As part of his participation in the 2009 OVDP, Mr. Safi filed his first amended FBAR for the 2008 calendar year, dated June 28, 2011, amending the account value reported of the UBS Account for the 2008 calendar year, but did not report the existence of the CZB Account on his first amended FBAR for the 2008 calendar year.

24. Mr. Safi ultimately opted out of the 2009 OVDP in 2012. During an IRS examination that occurred after Mr. Safi opted out of the 2009 OVDP, Mr. Safi continued to provide incomplete responses to IRS requests regarding his foreign accounts, and continued to omit information relating to the CZB Account in response to document requests.

25. In 2014, Mr. Safi filed a second amended FBAR for the 2008 calendar year that reported his interest in the CZB Account.

26. For the tax years 2003 through 2010, Mr. Safi failed to report $503,049 of income on his federal income tax returns related to income earned from his foreign financial accounts (i.e. the UBS account, the Rasner Account and the CZB Account). Mr. Safi agreed to the assessment of 26 U.S.C. § 6653(a) civil fraud penalty relating to the 2008 tax year due to his failure to report income related to these foreign financial accounts and his attempts to conceal the Rasner account and CZB Account.

**Claim for Relief: Judgment for Civil Penalty (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty*

27. During the 2008 calendar year, Mr. Safi was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350(b).

28. During the 2008 calendar year, Mr. Safi had signatory authority over the CZB Account, within the meaning of 31 C.F.R. § 1010.350(f).

29. During the 2008 calendar year, Mr. Safi had a financial interest in the accounts described in the CZB Account, within the meaning of 31 C.F.R. § 1010.350(e).

30. The CZB Account was a bank account (31 C.F.R. § 1010.350(c)(1)) and/or securities account (31 C.F.R. § 1010.350(c)(2)) in a foreign country.

31. During the 2008 calendar year, the aggregate balance of the UBS account, the CZB Account and the Rasner account exceeded $10,000 in U.S. currency at a point in time during the calendar year.

32. Mr. Safi failed to file an FBAR reporting his interest in the CZB Account with regard to the 2008 calendar year, by the applicable deadline, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

33. The failure of Mr. Safi to timely file an FBAR disclosing his reportable interest in the CZB Account with regard to the 2008 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalties*

34. On December 3, 2014, Mr. Safi consented to extend the time to assess civil penalties provided by 31 U.S.C. § 5321 with respect to the 2008 calendar year to June 30, 2016.

35. On May 29, 2015, Mr. Safi consented to an additional extension of time to assess civil penalties provided by 31 U.S.C. § 5321 with respect to the 2008 calendar year to December 31, 2016.

36. On October 3, 2016, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury of the United States of America timely assessed a civil penalty against Mr. Safi, in the amount of $100,000.00, due to the willful failure of Mr. Safi to disclose the CZB Account to the IRS ("FBAR Penalty") for the 2008 calendar year.

37. The FBAR Penalty was assessed pursuant to 31 U.S.C. § 5321(a)(5)(C), due to Mr. Safi's willful failure to timely disclose the CZB Account, which imposes a penalty not to exceed the greater of $100,000 or 50 percent of the balance in the account at the time of the violation.

38. A delegate of the Secretary of Treasury sent Mr. Safi a notice of the assessment of the FBAR Penalty, which totaled $100,000.00, and demand for payment.

39. The United States is entitled to recover and collect the $100,000.00 in assessed but unpaid FBAR penalties from Mr. Safi.

40. In addition, pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Mr. Safi's unpaid FBAR Penalty. The accrued, but unpaid, interest was $969.86 as of September 22, 2017.

41. In addition, pursuant to 31 U.S.C. § 3717(e)(2), Mr. Safi owes late-payment penalties for his failure to pay a lawful debt owed to the United States. The accrued, but unpaid, late-payment penalty was $5,819.17 as of September 22, 2017.

42. In addition, pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Mr. Safi to cover collection-related costs of processing and handling his outstanding FBAR liabilities.

43. Mr. Safi is liable to the United States for the FBAR Penalty, as well as associated late-payment penalties and interest, in the total amount of $106,789.03, as of September 22, 2017, plus statutory accruals from that date, less any payments, until the liability is paid in full.

44. This is a timely Complaint to collect the assessed but yet unpaid FBAR Penalty, and the associated penalties and interest, and the United States is entitled to a judgment against Mr. Safi for the assessed but yet uncollected FBAR Penalty, together with late-payment penalties, interest, and any collection-related costs that have accrued since the October 3, 2016, assessment date of the FBAR penalties.

WHEREFORE, Plaintiff, the United States of America, demands that this Court:

    A. Enter judgment in favor of the plaintiff United States of America and against defendant M. Khalid Safi, for the FBAR Penalty assessed against Mr. Safi with regard to the 2008 calendar year, as well as associated penalties and interest, in the total amount of $106,789.03 as of September 22, 2017, plus statutory accruals from that date until fully paid; and

    B. Award the United States of America its costs, and such other further relief as the Court deems just and proper.

Dated: October 3, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Nithya Senra*
NITHYA SENRA, CA SBN 291803
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-6570
Fax: (202) 307-0054
Nithya.Senra@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
*Of Counsel*

COMPLAINT    9

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

M. Khalid Safi

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nithya Senra, Trial Attorney, U.S. Dept. of Justice, Tax Division
P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044
(202) 307-6570

Attorneys *(If Known)*

'18CV2292 CAB BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 5314, 5321

Brief description of cause:
Suit to collect civil penalties for failure to file FBARs

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**   106,789.03

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                    DOCKET NUMBER

DATE: 10/03/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nithya Senra

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE