FILED

May 22 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ anthonyh   DEPUTY

Tina S. Felahi
E-mail: tisafi@gmail.com
Telephone: 858.254.0535

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>M. Khalid Safi<br><br>    Defendant. | Case No. 18CV2292 CAB BGS<br><br>DECLARATION OF TINA S. FELAHI IN RESPONSE TO HARTSOCK'S MOTION TO WITHDRAW AS COUNSEL OF RECORD<br><br>Courtroom:  4C<br>Judge:  Hon. Cathy An Bencivengo<br><br>Hearing:  June 21, 2019 |

I, Tina S. Felahi, declare:

1. I am Defendant, M. Khalid Safi's daughter. I have personal knowledge of the matters contained in this Declaration and can provide competent testimony if called upon to do so.

2. I am submitting this declaration in response to the Motion to Withdraw as Counsel of Record Without Substitution for Defendant M. Khalid Safi ("Motion"), submitted by attorney William D. Hartsock, Esq. To be clear, I am not submitting this declaration in opposition to Mr. Hartsock's Motion; I am submitting it to dispute factual inaccuracies that he presents in his publicly filed declaration in support of the Motion ("Declaration").

3. Based on representations made by Mr. Hartsock and his associate, Daniel Eggerman, over the past week, I understand that I am the "Other Attorney" Mr. Hartsock refers to

in his Declaration.

4. To provide some background for the Court, my parents were both born and raised in Afghanistan. I am the oldest of my parents' five children – two of the children are still minors. While my parents speak English as a second language, they have always turned to my adult siblings and me for help with translation.

5. My parents retained Mr. Hartsock as legal counsel in 2011. Mr. Hartsock later learned that my parents had an adult daughter living in San Diego, and asked me whether I would be willing to help out by translating between him and my parents.

6. In the summer of 2018, my parents listed their home for sale.

7. In May of 2019, my parents learned that a property in which my mother had a financial interest had sold in Hamburg, Germany. My mother's share from the sale of the home will cover the amount that is owed on this Judgment, and I understand that the funds from that sale will arrive to my parents in late July 2019.

8. My parents informed me of the sale of the home in Germany, and also stated they planned to take their home off the market in light of the very low offers they were receiving. My siblings and I were not involved in making the decision to de-list my parents' home.

9. In a family discussion, we considered the options in light of the fact my parents' home had not sold, and the May 31, 2019 Judgment deadline in this matter was coming up. I told my parents to speak to their attorney about options, including the possibility of an extension.

10. To be clear, I have never advised my parents to "de-list" their principle residence pursuant to an "alternative strategy" to resolve this case. I have also never encouraged my parents to pursue an "alternative strategy," and I am not clear what this alternative strategy is. I do understand they have funds coming from an *alternative source* – the Hamburg sale – and so they asked their attorney about an extension as a logical response to a timing problem.

11. On May 13, 2019, Mr. Hartsock called me and told me he had spoken to the government attorney, Amy Matchison, and that Ms. Matchison was unwilling to agree to a continuance on the Judgment.

12. The following day – May 14, 2019 – Mr. Hartsock called me and my father. He explained that he would have to withdraw from representing my father because he felt he had a conflict due to the lien he had secured on my parents' home several years earlier. He explained that the fact he had the lien made him uncomfortable. Mr. Hartsock explained that if my father was planning to pay the May 31, 2019 Judgment on time, he would not be conflicted, and he could continue to represent my father.

13. On May 15, 2019, my father, my mother, my husband, and I attended a teleconference with Mr. Hartsock and his associate, Daniel Eggerman. During this telephone call, Mr. Hartsock and his associate, Mr. Eggerman, stated that Mr. Hartsock had to withdraw from representation, and told my father that they could go about it in one of three ways: 1) My father could stipulate to allow Mr. Hartsock to withdraw, essentially firing him; 2) Mr. Hartsock could substitute in another attorney; or 3) Mr. Hartsock would need to file a Motion to Withdraw, outlining the reasons for his withdrawal. I responded that my father would not substitute in another attorney, because he could not afford more legal fees.

14. It was at this point that Mr. Eggerman accused me of providing my parents with legal advice "over the past several years," and stated that I had encouraged my parents to breach an agreement with the government. I expressed my confusion at this accusation.

15. Mr. Eggerman then asked me whether my law firm, Procopio, is aware of my involvement with my parents' case. He repeatedly stated Procopio might be interested to hear about my involvement, and might not be pleased to learn an associate has been providing legal advice outside the firm's knowledge. Mr. Hartsock stated he would "hate to hurt" me, because I am a nice girl. Procopio came up several more times during the conversation, and I was informed that if moving papers needed to be filed, they would mention my name and my employer's name in great detail. Mr. Eggerman stated that he would not want to "burn me."

16. I clarified with Mr. Hartsock and Mr. Eggerman that the two options appeared to be that my father would either need to fire Mr. Hartsock, or Mr. Hartsock would file a Motion to Withdraw in which he would allege he needed to withdraw because of me, and he would also

mention my employer. Mr. Hartsock and Mr. Eggerman agreed that these were the two options.

17. After the call, I sent correspondence to Mr. Hartsock documenting the conversation. Ten minutes later, Mr. Hartsock and Mr. Eggerman called me, and I asked to include my husband on the call. Mr. Hartsock and Mr. Eggerman then informed us that the previous call had just been "attorneys being attorneys," and they would not include my name or Procopio's name in their moving papers.

18. I am not submitting this declaration because I oppose Mr. Hartsock's withdrawal from my parents' case. I am submitting it because I feel compelled to correct the inaccurate account that Mr. Hartsock has presented.

19. I have conferred with my parents many, many times over the years and have provided them with advice that any child would provide to his or her parents. I also happen to be an attorney. Mr. Hartsock appears unable to separate those two facts. Mr. Hartsock himself sought my assistance in communicating with my parents when I was just an unlicensed law student, and to the extent that I have done everything that I can facilitate their relationship, I resent the false account. Moreover, I have never encouraged my parents to de-list their home, nor have I encouraged them to violate a court order. In fact, I have worked tirelessly to ensure that my parents comply with the court order within the best of their ability, which is why I believed my parents' request for a continuance was appropriate.

20. Finally, contrary to Mr. Hartsock's claim, my parents have not insisted that Mr. Hartsock's communications "go through" me, although I have been a part of several discussions between Mr. Hartsock and my parents over the past two months

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of May, 2019 at San Diego, California.

By: _____
Tina S. Felahi

4

Tina S. Felahi
E-mail: tisafi@gmail.com
1025 Island Avenue, Unit 301
San Diego, CA 92101
Telephone: 858.254.0535

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>M. Khalid Safi<br><br>    Defendant. | Case No. 18CV2292 CAB BGS<br><br>DECLARATION OF TINA S. FELAHI IN RESPONSE TO MOTION TO WITHDRAW AS COUNSEL OF RECORD<br><br>Courtroom:  4C<br>Judge:  Hon. Cathy An Bencivengo<br><br>Hearing:  June 21, 2019 |

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action; that my address is 1025 Island Avenue, Unit 301, San Diego, California 92101; and that on May 22, 2019, I served the following document(s):

**DECLARATION OF TINA S. FELAHI IN RESPONSE TO MOTION TO WITHDRAW AS COUNSEL OF RECORD**

in the following manner:

☑   **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

On the following person(s):

1
DECLARATION OF TINA S. FELAHI

| | |
|---|---|
| William D. Hartsock<br>Law Office of William D. Hartsock<br>12636 High Bluff Drive, Suite 110<br>San Diego, California 92130 | Attorney for Defendant<br>Telephone: (858) 481-4844<br>Email: Hartsock@taxlawfirm.net |
| Amy Matchison<br>Trial Attorney, Tax Division<br>US Department of Justice<br>PO Box 683, Ben Franklin Station<br>Washington, DC 20044 | Attorney for Plaintiffs |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration is executed on May 22, 2019, at San Diego, California.

_____
Tina S. Felahi